(C.R.D. 76–8)

ED ALEXANDER *v.* UNITED STATES

Court No. 74–4–01007

Port of Los Angeles

(Dated August 25, 1976)

*Glad, Tuttle & White* (*Edward N. Glad* of counsel) for the plaintiff.

*Rex E. Lee,* Assistant Attorney General (*Sidney N. Weiss,* trial attorney), for the defendant.

NEWMAN, Judge: Plaintiff has moved to set aside this court's order entered on July 16, 1976, dismissing the action for lack of prosecution.

Additionally, plaintiff seeks suspension of the case under a pending test case. Defendant opposes setting aside the dismissal on the ground that plaintiff's motion fails to comply with the rules of the court.

For the reasons stated, plaintiff's motion is denied.

The background of the present proceedings, briefly, is: It appears that the two-year period this case could remain in the reserve file was due to expire on April 30, 1976. On that very date, plaintiff moved* to extend the time within which the case could remain in the reserve file until June 30, 1976. Defendant opposed plaintiff's motion for extension of time on the ground that the motion stated no reasons for the extension. Plaintiff interposed no response to defendant's opposition; but on July 7, 1976 plaintiff filed a motion to suspend the case. On July 16, 1976 this court entered an order dismissing the case for lack of prosecution, and consequently the motion to suspend became moot.

Plaintiff now seeks to vacate the order of dismissal and again seeks to suspend the case. Defendant contends that plaintiff's motion fails to comply with rule 12.1(b). That rule reads:

> (b) Grounds: Such motion must clearly state the grounds upon which the moving party relies for the granting of such rehearing or retrial. If the grounds do not appear of record, the motion must be supported by an affidavit or affidavits setting forth in detail the facts upon which such motion is predicated.

In a word, defendant's opposition to plaintiff's motion is meritorious. Plaintiff has offered absolutely no reason—and indeed made no effort whatever to submit any reason—to indicate why the order of dismissal was improper; nor did plaintiff state any ground whatsoever for a rehearing. Moreover, plaintiff did not support its motion with an affidavit "setting forth in detail the facts upon which such motion is predicated". Plainly, there has been a failure by plaintiff to comply with rule 12.1(b), and no cause is shown for reconsideration of the order of July 16, 1976. This court does not desire to swallow a camel or strain at a gnat. The short of the matter is that plaintiff has created a procedural morass. Rule 12.1(b) is not a snare, nor does it show a fascinating resemblance to an illusion. Indeed, its provisions are crystal clear.

Accordingly, plaintiff's motion must be denied.

---

*Parenthetically, the moving papers contained a certificate of service stating that said application had been served by mailing on April 30, 1976. However, the Clerk rejected the motion on the ground that the envelope was postmarked May 1, 1976, and the motion was actually received by the Clerk on May 4, 1976. Plaintiff subsequently moved to correct the date of filing of the motion, and the court granted such motion.